**Exhibit 4 — District Counsel's September 26, 2025 Threatening Letter**

When Plaintiffs Amanda and Brooke reached out to the District on a pre-suit basis to discuss it, the District sent a letter full of sarcasm, condescension, and threats, which chilled both Amanda and Brooke and put them in fear, part of the same pattern of threats and recriminations against women victims pleaded throughout this Complaint:



September 26, 2025

Via Email:     cass.casper@dispartilaw.com

Cass T. Casper, Esq.
DISPARTI LAW GROUP, P.A.
121 West Wacker Drive, Suite 2300
Chicago, Illinois 60601

   Re: Oconto Falls Public Schools/ Watzka and LaCount

Dear Mr. Casper:

  Please be advised that we represent the Oconto Falls Public Schools (the "District").  Any future correspondence on this matter should be directed to me.

  We have been provided with your letter of August 22, 2025 and the attached "draft" complaint.  You have threatened to bring claims against the District on behalf of Ms. Watzka and Ms. LaCount pursuant to Title IX, pursuant to an allegation via § 1983 claiming the deprivation of bodily integrity in violation of the Fourteenth Amendment, a *Monell* claim via §1983, and a claim labeled as "negligence involving known danger and ministerial duty."  This letter serves to put you on notice that should you file this or a substantially similar complaint against the District, it will be met with a motion for sanctions and attorneys' fees under Fed. R. Civ. P. 11.  As explained below, each of your alleged claims is barred by the applicable statute of limitations and cannot be asserted in good faith.

  The statue of limitations under Title IX is treated the same as § 1983 claims. *Greene v. Woodlawn Unit Sch. Dist. #209*, No. 22-cv-2727, 2023 U.S. Dist. LEXIS 170807, at *16 (S.D. Ill. Sep. 25, 2023).  Because Title IX and § 1983 do not have their own statute of limitations a district court must look to the forum state's statute of limitations for personal injury claims. *Doe v. Howe Mil. Sch.*, 227 F.3d 981, 987-88 (7th Cir. 2000).  At the time of the events in question here, Wisconsin had a six-year statute of limitations for personal injury claims, including claims for sexual assault. *See D'Acquisto v. Love*, No. 20-C-1034, 2020 U.S. Dist. LEXIS 186951, 2020 WL 5982895, at *1 (E.D. Wis. Oct. 8, 2020) (explaining that personal injury claims accruing prior to 2018 are subject to Wisconsin's six-year statute of limitations).  Thus, the statute of limitations on any Title IX or § 1983 claim asserted by Ms. Watzka or Ms. LaCount would have expired in May 2019 at the latest.

**Stadler Sacks** LLC
303 North Main Street, West Bend, WI  53095 \* T: 262-304-0610
www.stadlersacks.com

41

Cass T. Casper, Esq.
September 26, 2025
Page 2

Perhaps you intend to argue that your clients' repressed memories should delay the accrual of the statute of limitations, but such a claim would not be successful under Wisconsin law. The Wisconsin Supreme Court considered this issue in *Doe v. Archdiocese of Milwaukee*, 211 Wis. 2d 312, 565 N.W.2d 94 (Wis. 1997), in which a plaintiff argued that his personal injury claim for an alleged sexual assault should be considered timely given that he had "repressed memories," which he contended should delay the accrual of his claim. The Court rejected this argument, holding that "accrual of an action is not dependent upon knowing the full extent of one's injuries." *Id.* at 106.

Your claim for "negligence involving known danger and ministerial duty" is also frivolous as a matter of law. First, there is no such cause of action in Wisconsin. You seem to be conflating the "known danger" exception to discretionary immunity under Wis. Stat. § 893.80 with a cause of action for negligence. There is no separate or distinct cause of action for negligence involving known danger and ministerial duty. Your client's failure to comply with the notice of claim and notice of circumstances requirements under Wis. Stat. § 893.80 would also be an impediment to any such claim.

Regardless of how you label a negligence claim, it is also barred by the relevant three-year statute of limitations in Wis. Stat. § 893.54. Your complaint refers to Wis. Stat. § 893.587, but that section has no application to your asserted claims against the District. The limitations period in Wis. Stat. § 893.587 only applies only to claims alleging that the defendant caused the plaintiff's injury by committing an enumerated act. Allegations of negligently hiring, retaining, or supervising someone that committed the enumerated injury-causing act is not an action to recover damages to which Wis. Stat. § 893.587 applies and does not alter the applicability of Wis. Stat. § 893.54. *Fleming v. Amateur Athletic Union of the United States, Inc.*, 2023 WI 40.

Given that all the claims identified by Ms. Watzka and Ms. LaCount are clearly barred by the applicable statutes of limitations, the only purpose to filing such a complaint would be for an improper purpose, such as to harass the District. Thus, as set forth above, if you file a complaint asserting these untimely causes of action, it will be met with a motion for sanctions under Fed. R. Civ. P. 11.

42

Cass T. Casper, Esq.
September 26, 2025
Page 3


Please be guided accordingly.

Sincerely,

STADLER SACKS LLC
Attorneys for Oconto Falls Public Schools

/s/ Ronald S. Stadler

Ronald S. Stadler

RSS/dnk

43