# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

AMANDA WATZKA, et al.,

       **Plaintiffs,**

    **v.**                      **Case No. 26-CV-392**

THE BOARD OF EDUCATION OF OCONTO
FALLS PUBLIC SCHOOL DISTRICT,

       **Defendant.**

## ORDER

Before the court is the plaintiffs' motion for a temporary restraining order or protective order as to John Batchelor.

Batchelor is acquainted with plaintiff Amanda Watzka However, he is not a party. "A district court may not enjoin non-parties who are neither acting in concert with the enjoined party nor are in the capacity of agents, employees, officers, etc. of the enjoined party." *United States v. Kirschenbaum*, 156 F.3d 784, 794 (7th Cir. 1998); *see also* Fed. R. Civ. P. 65(d)(2); *Blockowicz v. Williams*, 630 F.3d 563, 567 (7th Cir. 2010).

Batchelor is not acting in concert with a party. Again, his only relationship to any party is with Watzka. Yet he is not acting in concert with Watzka. Indeed, it is Watzka (along with all her co-plaintiffs) who seeks to enjoin Batchelor's conduct. Consequently, the court lacks any authority to issue an injunction as to Batchelor.

There are certain limited circumstances where a court's protective order may apply to non-parties. *See, e.g.*, Fed. R. Civ. P. 26(c), 45(d). The plaintiffs have failed to demonstrate either that the court has the authority to grant a protective order under the circumstances or that good cause supports the issuance of a protective order, *cf. Walsh v. Alight Sols. LLC*, 44 F.4th 716, 727 (7th Cir. 2022).

Accordingly,

**IT IS THEREFORE ORDERED** that the plaintiffs' motion for a temporary restraining order or protective order (ECF Nos. 48, 51) is **denied**.

**IT IS FURTHER ORDERED** that the plaintiffs' motion to seal the document filed as ECF No. 51 (ECF No. 47) is **granted.**

Dated at Green Bay, Wisconsin this 31st day of July, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
